# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 372 | **DATE** | 7/17/2003 |
| **CASE TITLE** | Manning vs. Dye | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
 ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth on the attached Memorandum Opinion and Order, the Court denies defendants Miller and Buchan's motion for a stay. The Court also notes that even if proceedings as to Miller and Buchan were stayed pending their appeal, Manning still would be entitled to take their depositions as, in effect, non-party witnesses: the case remains pending against Chicago police detective Louis Rabbit. Motion for protective order is denied. Motions to compel are granted (49-1, 43-1), and compliance, as agreed to in open court, to be completed by 8/7/03.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

STEVEN MANNING, )
)
        Plaintiff, )
)
vs. ) Case No. 02 C 372
)
THOMAS DYE, ROBERT BUCHAN, )
GARY MILLER, UNITED STATES )
OF AMERICA, and LOUIS RABBIT, )
)
        Defendants. )

DOCKETED
JUL 2 2 2003

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Following the Court's ruling denying defendants Gary Miller and Robert Buchan's motion seeking a finding that they were entitled to absolute or qualified immunity, Miller & Buchan appealed to the Seventh Circuit. *See Mitchell v. Forsyth,* 472 U.S. 511, 530 (1985) (the denial of a claim of immunity, to the extent it turns on an issue of law, is an appealable final decision within the meaning of 28 U.S.C. §1291). Plaintiff Steven Manning initially agreed to defer discovery pending appeal but then indicated that he wished to pursue discovery. Miller and Buchan have moved for a protective order staying discovery pending determination of their appeal. *See generally Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982).

Under ordinary circumstances, the filing of a notice of appeal on an immunity issue divests the district court of jurisdiction to proceed on the claims against the defendant claiming immunity. *See Apostol v. Gallion,* 870 F.2d 1335, 1338 (7th Cir. 1989). But this does not occur if the appeal is "baseless," and the district court so finds. *Id.* at 1338-39. "A baseless notice of

56

appeal does not divest the district court of its jurisdiction." *McMath v. City of Gary*, 976 F.2d 1026, 1031 (7th Cir. 1992). The fact that an appeal is lacking in merit does not make it baseless; a district judge should not "too easily" make a finding of frivolousness. *Id.* at 1030. Only those appeals that are "unfounded" meet the standard. *Id.* at 1031 (quoting *Apostol*, 870 F.2d at 1339).

This Court is hesitant to conclude that an argument made to *another* court is baseless; but the Seventh Circuit made it clear in *Apostol* and *McMath* that the district court is to decide this issue in the first instance. Having considered the issue, this Court concludes that Miller and Buchan's appeal is indeed baseless and that a stay of the case pending the appeal is not warranted.

At argument (on June 25, 2003) on defendants' motion for stay, their counsel said that the request for a stay was based exclusively on the issue of absolute immunity, not that of qualified immunity. We therefore focus our analysis on that issue.

Manning's claim against Miller and Buchan is that they importuned Thomas Dye to make up a jailhouse confession by Manning and other evidence to corroborate that Manning had confessed, presented Dye to prosecutors, and did not disclose that they knew he was lying. Miller and Buchan argue that Manning's claim is merely that they conspired to suborn perjury, thus entitling them to the immunity that *Briscoe v. LaHue*, 460 U.S. 325, 332 (1983), confers on police officers sued for giving false testimony. In *House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992), the Seventh Circuit extended this immunity to non-testifying conspirators, i.e. those who conspire with a witness to commit perjury.

As the Court has previously noted, Miller and Buchan's argument mischaracterizes Manning's claim. He does not seek to impose liability for giving false testimony. Rather his

2

claim is premised on a violation of *Brady v. Maryland,* 373 U.S. 63 (1963), based on Miller and Buchan's failure to disclose exculpatory and impeaching information – specifically the fact that they had induced Dye to frame Manning and their knowledge he was lying. More importantly for present purposes, Miller and Buchan's argument is foreclosed by two recent decisions issued by the same court to which they are taking their appeal. Specifically, the extension of *Briscoe* and *House* that would be required to confer immunity on Miller and Buchan was squarely rejected by the Seventh Circuit in *Ienco v. City of Chicago,* 286 F.3d 994, 1000 (7th Cir. 2002), which preceded our ruling in this case, and again in *Newsome v. McCabe,* 319 F.3d 301, 304 (7th Cir. 2003), which followed our ruling by about three weeks. In this case as in *Ienco,* the plaintiff's claims "are not based on the officers' perjured testimony. Instead, he argues that the officers withheld exculpatory information and lied to the ... prosecutors who successfully indicted him." *Ienco,* 286 F.3d at 1000 (in *Ienco,* the officers withheld the fact that Ienco had not consented to a search that produced incriminating evidence). And in *Newsome* as in this case, the defendants were accused of "conceal[ing] [from prosecutors] exculpatory evidence – the details of how they induced the witnesses to finger [the plaintiff]." *Newsome,* 319 F.3d at 304. That is exactly what Manning claims: the officers importuned Thomas Dye to frame Manning by concocting a false jailhouse confession; Dye did so; and the officers, aware that Dye's version was relied on by prosecutors, did not tell them that his claim was bogus.

In short, the Seventh Circuit would have to overrule both *Ienco* and *Newsome,* two recent and carefully considered decisions, in order for Miller and Buchan to prevail. Under the circumstances, their appeal on the absolute immunity issue is baseless as *Apostol* and *McMath* use that term.

3

At argument on their motion for protective order, counsel for Miller and Buchan suggested that based on his review of the recording of a recent oral argument in a pending appeal, *Gauger v. Hendle,* Case No. 02-3841 (7th Cir.), the Seventh Circuit may overrule or depart from *Ienco* and *Newsome* in this regard. This Court does not possess counsel's apparent mind-reading ability and thus will not attempt to draw any conclusions from the questions and comments made at oral argument in *Gauger*. We have, however, reviewed the briefs in that case, which are available on the Seventh Circuit's Web site. No *Briscoe*-related holding was made by the district court in the decision being reviewed. *See Gauger v. Hendle,* No. 99 C 50322, 2002 WL 31130087 (N.D. Ill. Sept. 24, 2002). Moreover, the defendants in *Gauger* specifically disavow in their appeal brief that any *Briscoe* issue exists in the case. *See* Appellees' Brief, Case No. 02-3841, at 40 n.5. But even if the court ultimately addresses the issue, *Gauger* poses a different question than the one presented here: whether a police officer's concealment of *his own* false testimony gives rise to *Briscoe* immunity (the wrong at issue in *Gauger* involved the officers' failure to disclose their alleged coercion of the plaintiff to confess to two murders; the officers testified about the confession at trial). Without deciding whether the *Gauger* defendants have the better of the argument in that particular situation, a decision in their favor would not require overruling *Newsome* and would not require a decision in favor of Miller and Buchan in this case.

After the Court ruled orally on Miller and Buchan's motion for protective order but before we issued a written decision, Miller and Buchan renewed the motion and submitted for our consideration excerpts from the transcript of Manning's criminal trial as well as their brief filed in their appeal from our immunity ruling (they are represented on appeal by different counsel than the Assistant United States Attorney who represents them in this Court). The Court

is reticent to comment on the merits of a brief submitted to another court. But that is exactly what defendants have asked the Court to do – they ask us to draw from the brief a finding that their appeal is not baseless after all.

The Court has reviewed the materials defendants have submitted; they do not change our view on the matters discussed in this decision. First, the fact that Miller and Buchan were called by Manning's counsel to testify as defense witnesses at his state court trial – evidently to impeach aspects of Dye's testimony – changes nothing. Manning is suing them here not for their testimony but for their concealment and nondisclosure of exculpatory evidence. The fortuity that they were called to testify on subjects that touch somewhat upon the same underlying topics does not make this into a *Briscoe*-like case in which a witness is sued based on his testimony.

Second, to the extent Miller and Buchan's appeal brief repeats the arguments previously made to this Court, it adds nothing to our analysis of the issue. But the appeal brief does far more than that; it makes arguments that defendants did not make, or even hint at, in their submissions to this Court. That does not assist them in arguing that the appeal on absolute immunity has merit; an appellate court ordinarily will not consider newly-made arguments as a basis for overturning a trial court's decision. Among other things, we note that the appeal brief's extended discussion of the common law, *see* Appeal Brief at 15-18, and of *Imbler v. Pachtman*, 424 U.S. 409 (1996), *see* Appeal Brief at 24-27, consists of brand-new arguments made for the first time on appeal.[1]

Third, Miller and Buchan's appeal brief seeks to distinguish *Newsome* on the grounds that

---

[1] In their summary judgment submission to this Court, defendants noted that *Briscoe* cited *Imbler*, *see* Dfdt. Summ. Judgt. Mem. at 8, but they did not hint at the argument about *Imbler* that is developed extensively in their appeal brief.

5

the officers in that case were not sued for conspiring with witnesses to commit perjury, but rather for inducing the witnesses to testify inaccurately. *See* Appeal Brief at 21. The same is true here; the saving distinction proposed by Miller and Buchan covers this case too. Miller and Buchan attempt to differentiate this case from *Newsome* by mischaracterizing Manning's claim as one of involving officers "helping prepare witnesses to testify," *see* Appeal Brief at 14, as if what was involved was a law enforcement officer sitting down with a prospective witness just before trial to go over his expected testimony. But as we have made clear, that is not what Manning contends; instead, he contends the officers concealed from prosecutors and the defense their knowledge that Dye's story was made up.[2]

Finally, Miller and Buchan appear to argue in their appeal brief that because the *Briscoe* Court was aware of *Brady v. Maryland*, it could not possibly have intended to "allow a broad exemption from absolute witness immunity for *Brady* claims." Appeal Brief at 28-29. Again, this mischaracterizes Manning's claim; he seeks not to impose liability on Miller and Buchan for their testimony or a conspiracy to present false testimony, but rather because they hid the fact that they had convinced Dye to frame Manning. But in any event, appellate counsel's incredulity

---

[2] There is no logical reason why a law enforcement officer's concealment from prosecutors of his knowledge that a witness is lying should be treated any differently from his concealment of other exculpatory evidence. Indeed, because of the allocation of the burden of persuasion is allocated in criminal cases, *most* exculpatory evidence is evidence that bears on a prosecution witness' credibility. A ruling in Miller and Buchan's favor could allow defendants generally to characterize *Brady* violations involving concealment of such evidence as "conspiracy to commit perjury," thus making what is likely to be the majority of *Brady* violations non-actionable. By way of example, suppose that an eyewitness identifies the defendant as the perpetrator but later tells the investigating detective she was mistaken; the detective encourages her to stick with her original identification and essentially talks her out of expressing doubt; and he then conceals from prosecutors the witness' expression of doubt. If Miller and Buchan's argument carries the day, such conduct likely would be subject to characterization as "conspiracy to commit perjury" and would be immune from scrutiny in civil litigation.

reflects ignorance of why the claim of someone like Manning who says he was framed by the police and wrongly convicted and imprisoned is cast as a *Brady* claim: it is because in this Circuit, unlike several others, allegations sounding in malicious prosecution cannot be asserted as §1983 or *Bivens* claims. This, in turn, is a product of a fairly recent, post-*Briscoe* shift in the law that resulted from an earlier decision in James Newsome's case, *Newsome v. McCabe,* 256 F.3d 747 (7th Cir. 2001), in which the Seventh Circuit disavowed earlier decisions (including several made after *Albright v. Oliver,* 510 U.S. 266 (1994)) to the extent they expressed approval for §1983/malicious prosecution claims. *Newsome,* 256 F.3d at 751. In the next breath, however, the *Newsome* court specifically approved the making of a *Brady* claim based on the denial of a fair trial due to the withholding of exculpatory evidence. *Id.* at 752. The *Briscoe* Court could not have anticipated this development in the law that would narrow to the size of a needle's eye[3] the ability of a person wrongly convicted of a serious crime to obtain a §1983 or *Bivens* remedy against the law enforcement personnel who caused him to be framed and then hid their knowledge of that fact.

As noted at the outset of this opinion, Miller and Buchan also sought a ruling from this Court that they were entitled to qualified immunity. Their argument, given the procedural context in which it was raised, presented the question whether they could obtain a finding of immunity based on their own, unexamined version of the events. The Court answered that question in the negative. At argument on the motion to stay, counsel for defendants disavowed any claim that the pendency of an appeal on the issue of qualified immunity required a stay of

---

[3] A needle's eye which, we might add, is nowhere near big enough to let in the "torrent" of litigation predicted by defendants in their appeal brief. *See* Appeal Brief at 10.

proceedings in this Court. In any event, defendants' brief on appeal acknowledges that their position on qualified immunity is precluded by the Seventh Circuit's 2001 *Newsome* decision, the previously-cited *Newsome v. McCabe*, 256 F.3d 747 (7th Cir. 2001), which they ask the court to reconsider. *See* Appeal Brief at 31. Thus even if defendants had pressed the appeal on qualified immunity as a basis for a stay of proceedings, we would reject it.

The qualified immunity argument forms a significant aspect of Miller and Buchan's argument on appeal. *See* App. Brief at 29-40. By contrast, their qualified immunity argument in this Court was little more than an afterthought; the entire exposition of the point in their opening brief (after stating the standard for qualified immunity) consisted of the following:

> if Manning comes up with some theory that we have overlooked and which is not barred by absolute immunity, we want to make the point in advance that Manning will have to present facts sufficient to overcome the hurdle of qualified immunity.

Dfdt. Summ. Judgt. Mem. at 11-12. And their reply did not even mention the issue of qualified immunity. As indicated earlier, even if defendants' trial counsel had not specifically eschewed reliance on qualified immunity as a basis for staying discovery, their presentation of brand-new arguments on appeal would not take their appeal out of the "baseless" category.

## Conclusion

For the reasons stated above, the Court denies defendants Miller and Buchan's motion for a stay. The Court also notes that even if proceedings as to Miller and Buchan were stayed pending their appeal, Manning still would be entitled to take their depositions as, in effect, non-

party witnesses: the case remains pending against Chicago police detective Louis Rabbit.

                                                                       _____
                                                                        MATTHEW F. KENNELLY
                                                                        United States District Judge

Date:   July 16, 2003