Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 372 | DATE | 9/8/2004 |
| CASE TITLE | | Manning vs. Dye | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  For the reasons set forth on the attached Memorandum Opinion and Order, plaintiff's motion to compel is granted in part and denied in part. The items that the Court has ordered disclosed are to be provided to plaintiff's counsel by no later than 9/10/04.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | SEP 1 0 2004 | 113 |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | GMA | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| OR | courtroom deputy's initials | 2004 SEP -9 PM 4:23 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

DOCKETED
SEP 1 0 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN MANNING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 02 C 372 |
| | ) | |
| THOMAS DYE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Plaintiff Steven Manning has sued the two Federal Bureau of Investigation agents, the United States, and a private individual for claims arising from their alleged fabrication and concealment of evidence in connection with prosecutions of Manning for murder and kidnapping. Manning was sentenced to death for the murder and to life imprisonment for the kidnapping, but both convictions have been overturned, and he is now a free man. The parties are engaged in discovery, and the case is set for trial in December of this year.

The federal defendants have produced in discovery a number of documents, many of them witness statements obtained by FBI agents, from which they have redacted text or that refer to the witness by some generic description rather than by name. The federal defendants claim the nondisclosures are justified by the need for confidentiality of references to a witness protection program and information that might disclose the identity of informants. Manning has moved to compel the defendants to produce unredacted versions of these documents and to identify the

1

unidentified persons. The parties have submitted memoranda, and the Court held an *in camera* hearing[1] attended by the primary lawyer for the federal defendants and an in-house FBI lawyer, for the purpose of identifying the reasons for certain of the nondisclosures.

1.  **Witness protection program nondisclosures**

After becoming a government informant, defendant Thomas Dye was admitted to a witness protection program. This was disclosed to Manning prior to his trial for murder, at which Dye testified, and it has likewise been disclosed by the federal defendants in discovery in the present case. The government nonetheless seeks to preclude disclosures of any references to or information about the witness protection program. It contends that if any information about the program – apparently including its existence – is given out, it might deter others from entering the program in the future or may otherwise compromise the program.

The government has not made a serious effort to explain why disclosure of the particular information it redacted for this reason would pose a risk of any harm to the program. On the other hand, most of the redacted information is of minimal probative value – for example, information that identifies that the program exists. For the most part, Manning's need for the undisclosed information is minimal and does not outweigh the government's interest in confidentiality, weak though it may be. For this reason, the government need not disclose unredacted copies of documents 1340-41, 1353-54, 1355-56, 1415-16, 1522-25, 2386, 2401-02, 3222, and 3274-75.

There are some instances, however, in which the relevance of the information relating to the witness protection program significantly outweighs the government's claimed need for

---

[1] The hearing was held on the record, but the transcript is being maintained under seal.

confidentiality. On document 1414, the government is directed to disclose the last sentence of the third paragraph, but not the other redacted portions. This sentence provides the reason why Dye was placed in the program and includes a particular agent's claim of responsibility for getting Dye into the program. This information has a direct bearing on Manning's claim that the named defendants importuned Dye to fabricate information, which is more than sufficient to overcome the government's confidentiality interest.

On the third page of document 1530-1533 and document 3378-3381 (these are duplicate copies of the same document), the government is directed to disclose the entire redacted paragraph, except for the name of the witness. The withheld information discloses a benefit accorded to Dye by the government, specifically, placement of a friend of his in the witness protection program. This information is directly relevant to critical issues in this case. The government has provided the Court with no information that would suggest that disclosure of the mere fact that this individual was placed in the program, or the other information withheld in this paragraph, would pose any risk to that person's safety, and we note in addition that no location information or personal identifiers are provided in these documents.

Finally, on document 4416, the government need not disclose the withheld identification number or the withheld location information, but it must disclose the identity of the person for whose benefit a monetary deposit was being made.

### 2. Confidential informant nondisclosures

Nearly all of the other nondisclosures are justified by the federal defendants based on the common law privilege against disclosure of the identity of confidential government informants. *See generally Roviaro v. United States*, 353 U.S. 53 (1957). The purpose of this privilege is to

protect the public interest in effective enforcement of the law; it is premised on the notion that persons who assist a government investigation may later be targeted for reprisal by those who were under investigation or their compatriots. *See, e.g., Dole v. Local 1942, IBEW*, 870 F.2d 368, 372 (7th Cir. 1989).

The informer's privilege covers both the identity of the informant and the contents of his communications with the government, if those communications would tend to reveal his identity. *Roviaro*, 353 U.S. at 59-60; *United States v. Herrero*, 893 F.2d 1512, 1525 (7th Cir. 1990). "With the threat of reprisal real and unprotected against, well-intentioned citizens may hesitate or decline to assist the government in tracking down wrongdoers. ... The most effective means of protection, and by derivation the most effective means of fostering citizen cooperation, is bestowing anonymity on the informant, thus maintaining the status of the informant's strategic position and also encouraging others similarly situated who have not yet offered their assistance." *Dole*, 870 F.2d at 372.

When the government asserts the informer's privilege, it is not required to make a threshold showing that reprisal or retaliation is likely. *Id.* But the privilege is not absolute; "it yields when the identification of the informant or of a communication is essential to a balanced measure of the issues and the fair administration of justice." *Id.* (citing *Roviaro*, 353 U.S. at 60-61. To overcome the privilege, the party opposing it must show that his need for the information outweighs the need for confidentiality. *Id.* at 373. "The privilege will not yield to permit a mere fishing expedition, nor upon bare speculation that the information may possibly prove useful." *Id.* (citations omitted); *see generally Herrero*, 893 F.2d at 1525.

A number of the redactions concern Dye's FBI code name. Because Dye's status as an

4

informant has long been known to Manning, there is no reason to keep his code name confidential. Defendants are directed to disclose unredacted versions of documents 2719, 2354-55, 2411, and 2412.

In several instances the defendants redacted an identifying number that was assigned to Manning himself. Though there may be a basis to keep the number itself confidential, defendants must disclose that the redacted information is a reference to Manning. This concerns documents 2372, 2757, 2772-74, 2775-76, 4235-37, and 4240-41.

One set of nondisclosures concerns a witness whose identity as an informant (to whom we will refer as "Person A") has long ago been disclosed to Manning; another set concerns an individual ("Person B") who testified at one of Manning's trials. There is no basis at present to keep these persons' identity secret. The identity of Person A, who is identified only by number or as an unnamed cooperating witness in documents 4537, 4538, 4539, and 3131-32, must be disclosed. With regard to Person B, the material redacted from documents 2403 and 3948 must be disclosed. The confidentiality of other identifying information concerning Person B, such as a social security number and location information, redacted from documents 3946-47 and 1471, may be maintained, as Manning has failed to show a need for such information.

In document 1359, the fact that a named individual was cooperating with the government was deleted. At the *in camera* hearing, the Court inquired whether this person's status had ever been disclosed; defendants' counsel did not know. The Court thereafter performed a Westlaw search using the person's name which immediately revealed that this person testified for the government over 12 years ago in a case in this district involving an organized crime figure. The person's status as a cooperating government witness is thus a matter of public record; the deleted

(which Manning disputes), so for present purposes we will disregard them.

Manning articulates two reasons why the withheld information should be disclosed. First, he wants to try to show that the defendants engaged in a pattern "of using informants to try to set up [Manning] for crimes he did not commit." Pltf's Suppl. to Mot. to Compel at 4. By obtaining the withheld information, Manning "hopes to locate and interview other informants who were asked by the Defendants to implicate Manning falsely in exchange for consideration." *Id.* at 3. Second, Manning is concerned the defendants may contend that the information that they obtained from the undisclosed informants in some way justified their actions in this case. *See, e.g., id.* at 7 (referring to the possibility that defendants may suggest that "Manning is 'dangerous' because of his alleged involvement" in the matters referenced in the informant's reports).

The first reason for disclosure identified by Manning is insufficient to overcome the government's claimed need for confidentiality. This case is not about whether the defendants or others associated with them tried to frame Manning for other crimes; it is about whether they tried to frame him for the murder and kidnapping of which he was convicted. The Court recognizes that evidence of other similar conduct may be admissible in certain situations to show pattern, motive, or other relevant factors, *see* Fed. R. Evid. 404(b), but in the present circumstances, requiring disclosure would run afoul of the previously-stated proposition that the informer's privilege " will not yield to permit a mere fishing expedition, nor upon bare speculation that the information may possibly prove useful." *Dole,* 870 F.2d at 373.[2]

---

[2] Some of the informants' statements were obtained well after Dye had agreed to inform on Manning. In addition, Manning's submissions on the motion to compel reflect that he has obtained through discovery identification of several other informants, which ought to provide an

7

information must be disclosed.

On document 1361, information regarding a person now deceased and a second informant (Person A referenced above) was redacted. The government has provided no basis to continue to withhold the deleted information regarding these persons. The document must be produced in unredacted form.

Most of the remaining documents concern, by the Court's count, eight confidential sources who are identified in the redacted portions or were identified by defendants' counsel at the *in camera* hearing. These include documents 1387-88, 1379-80, 1384-85, 1463, 3000-02, 3051-55, 3064, 3059, 3065-66, 3068-70, 3072-78, 3085-86, 3089, 3399, 3510, 3520-21, 3531, 3941-45, 3953-55, 4147-51, 4154, and a document bearing a date stamp of 4/22/93 on which no identifying number appears on the copy provided to the Court. At the *in camera* hearing, defendants' counsel advised that to their knowledge, none of these persons testified at either of Manning's criminal trials, and their names have not otherwise come to light (with the exception of one person, whose name was mentioned by a non-party government witness at his deposition as a source of information about Manning, without further details).

The government contends that all of the redacted information, which would disclose directly the identity of an informant or would provide information from which that identity could be inferred, should remain confidential. In addition to the general considerations noted in *Roviaro* and its progeny, the government expresses a concern, based on the information contained in some of the witness interviews in question, that persons who have provided information against Manning have been subject to reprisals or threats in the past. Based on the information provided, the Court is not in a position to assess the veracity of these accounts

With regard to the second reason for disclosure, at present it is speculative whether the federal defendants will, in seeking summary judgment or at trial, attempt to justify their actions based on the matters identified by the confidential informants or will attempt to make other use of the informants' information.[3] And even if defendants attempt to use this information, it is anything but clear that they will succeed: Manning presumably will argue, among other things, that it is unfair to permit them to use the privilege as a sword rather than as a shield. At present, this particular claim of need is insufficient to overcome the government's interest in confidentiality.

For these reasons, the documents regarding the eight informants need not be disclosed. There are two exceptions. The first is document 1464, the entire final paragraph of which was redacted. This paragraph discloses an attempt, contemporaneous with Dye's agreement to serve as an informant, to have another individual try to obtain information from Manning at the Cook County Jail. The government is directed to disclose the text of this paragraph except for the three instances where the individual is named. The second is document 1463, which likewise concerns an attempt, roughly contemporaneous with Dye's agreement to act as an informant, to obtain information about Manning. The name and then-current location of the individual may be withheld each time it is used in document 1463, but the remaining information must be disclosed (i.e., all but the first and last words of the second paragraph on lines 6 to 8, and the date disclosed in line 13).

---

adequate data base for him to mine to attempt to support his theory.

[3] The fact that defendant Buchan may have made a statement along these lines in a deposition taken by Manning's counsel does not reflect that defendants will rely on such an argument on summary judgment or at trial.

Finally, there are several documents which refer generically to confidential sources whose identity is not disclosed in the document and who defendants' counsel have as yet been unable to identify (documents 1511, 1518, 2710, 3060-62, 3207, 3208, and 3270). Defendants are directed to redouble their efforts to ascertain the identity of these individuals and are to advise the Court by way of an *in camera* submission within seven days of this order who they are and whether they have testified or been disclosed as witnesses against Manning.

3.  **Other issues**

Defendants' counsel indicated that some documents either have been or can be disclosed in their entirety. The Court will assume that these will be produced forthwith: 1428-30, 1434, and 1338-39.

Document 1453-54 was withheld because it concerned a grand jury appearance by Dye and thus might be subject to protection pursuant to Federal Rule of Criminal Procedure 6(e). Government counsel indicated to the Court, however, that Dye's grand jury testimony itself had been disclosed, and thus there is no continuing need to withhold other facts surrounding Dye's appearance, and disclosure is justified under Rule 6(e)(3)(E)(i).

## Conclusion

Plaintiff's motion to compel is granted in part and denied in part as stated above. The items that the Court has ordered disclosed are to be provided to plaintiff's counsel by no later than September 10, 2004.

Date: September 8, 2004

_____
MATTHEW F. KENNELLY
United States District Judge

9