IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEVEN MANNING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 02 C 372 |
| | ) |
| GARY MILLER, ROBERT BUCHAN, | ) |
| and UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Steven Manning filed a suit against two Federal Bureau of Investigation agents for violating his constitutional rights and against the United States under the Federal Tort Claims Act for common law torts. All of these claims arose from the same subject matter. The claims were tried together – the claims against the agents to a jury, and the FTCA claims to the Court. The jury found in Manning's favor and awarded him over $6,500,000 in damages against the agents. The Court took the FTCA claims under advisement. Manning did not withdraw the FTCA claims even though he was aware that by allowing the FTCA claims to proceed to judgment, he risked losing the jury award, by operation of law, once the Court entered judgment on the FTCA claims.

The Court ultimately found against Manning on the FTCA claims and entered a judgment in the government's favor on those claims. The FBI agents have now moved to vacate the judgment against them. The Court concludes that the statute upon which the agents rely, 28

U.S.C. § 2676, has the effect of requiring a plaintiff who brings both FTCA and non-FTCA claims arising from the same subject matter to choose his remedy before the FTCA claim proceeds to judgment. Once judgment is entered on the FTCA claim, that judgment nullifies the parallel non-FTCA claim, even if it had previously proceeded to judgment. Manning made his choice when he allowed the FTCA claim – which provides greater certainty in collecting an award – to proceed to judgment. He cannot now avoid the consequences of that choice.

For the reasons stated below, the Court grants the FBI agents' motion and vacates the judgment against them.

**Background**

Following investigations conducted by the Federal Bureau of Investigation, the Buffalo Grove Police Department, and other authorities, Manning was convicted of kidnapping in Missouri, where he received a sentence of life in prison, and of murder in Illinois, where he received a death sentence. His convictions were ultimately overturned, and the authorities elected not to retry him on either charge.

Manning filed suit against two FBI agents, Robert Buchan and Gary Miller, and against the United States, seeking to recover damages arising from his allegedly wrongful prosecution and imprisonment. Manning sought to recover damages against Buchan and Miller under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 (1971), for violating his constitutional rights in connection with the Missouri and Illinois prosecutions, and under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1964(c). Manning sought to recover damages against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b)(1) & 2674, for malicious prosecution and intentional infliction of emotional

2

distress. All of Manning's claims arose from the same set of facts, specifically, actions taken by Buchan and Miller and others allegedly acting in concert with them during the investigation and prosecution of the Missouri and Illinois cases.

The Court conducted a simultaneous, though bifurcated, trial of Manning's claims against Buchan and Miller – as to which Manning had demanded a jury trial – and his FTCA claims, on which there is no right to a jury trial. On January 24, 2005, a jury found in Manning's favor on his *Bivens* claims against the FBI agents and awarded him over $6,500,000 in damages; the jury found in Buchan and Miller's favor on the RICO claims.

At the conclusion of the trial, the Court took Manning's FTCA claims under advisement. On March 23, 2005, Manning asked the Court to enter a judgment on the jury's verdict relating to the *Bivens* claims. *See* Pl.'s Mot. for Entry of Judgment on the Jury's Verdict (docket no. 223). In the motion, Manning argued that there was no good reason not to enter a judgment on that verdict, and three good reasons to enter a judgment. First, Manning argued,

> there is at least some question as to whether a judgment on the FTCA claim entered simultaneously with the *Bivens* verdict would trigger the FTCA's judgment bar. *See* 28 U.S.C. § 2676. Although the law is split on the question, some courts have held that this bar does not come into play if the *Bivens* judgment is entered first. Other courts, however, seem [to] believe that judgment on the FTCA claim is "likely to nullify any *Bivens* judgment." Still other courts have required the plaintiff to choose his preferred judgment.

*Id.* at 2 (citations omitted). The Court notes that in this argument, Manning specifically acknowledged his awareness of the risk that a judgment on the FTCA claim would nullify the *Bivens* judgment. Second, Manning argued, entering a judgment against Buchan and Miller on the *Bivens* claims might start the process under which they could seek indemnification from the government for the damage award against them. *Id.* Third, Manning argued, entering a

3

judgment would allow post-judgment interest to begin accruing.

The government interposed no objection to Manning's motion, so on March 25, 2005, the Court entered an order which directed the Clerk

> to enter judgment as follows: On Count 1 (Illinois murder case), judgment is entered in favor of plaintiff and against defendants Buchan and Miller. [On] Count 7 (Missouri kidnapping case), judgment is entered in favor of plaintiff and against defendant Buchan, and in favor of defendant Miller. Compensatory damages are awarded in the amount of $3,851,100 on Count 1 and $2,555,000 on Count [7], and punitive damages are awarded in the amount of $100,000 against defendant Buchan and $75,000 against Miller.

Order of Mar. 25, 2005 (docket no. 225). The Clerk evidently did not actually enter a judgment as directed; at least, none appears on the docket. That is, however, a clerical error that, if necessary, could be corrected by ordering, *nunc pro tunc,* entry of a judgment on the *Bivens* claims.

In July 2005, the Court granted a motion by the government to reopen the evidence regarding a fairly narrow point on the FTCA claims. This ruling necessitated further discovery and a brief evidentiary submission that took place in February 2006. In the interim, in November 2005, the Court upheld the jury's verdict on the *Bivens* claims against a post-trial challenge by Buchan and Miller.

In September 2006, the Court entered findings of fact and conclusions of law on the FTCA claims. The Court found in favor of the government on those claims. The Court then entered a judgment on the FTCA claims, noting that this concluded the case because it disposed of all remaining claims. *See* Order of Sept. 28, 2006 (docket no. 251); Judgment (docket no. 252).

Following the Court's decision on the FTCA claims, Buchan and Miller moved pursuant

4

to Federal Rule of Civil Procedure 59(e) to amend the judgment to vacate the jury verdict on the *Bivens* claims. They argue that a federal statute, 28 U.S.C. § 2676, has the effect of nullifying a judgment on a *Bivens* claim when a FTCA claim arising from the same acts proceeds to judgment, even if that judgment post-dates the entry of judgment on the *Bivens* claim.

## Discussion

The resolution of the defendants' motion turns on the meaning of 28 U.S.C. § 2676, which provides as follows:

> The judgment in an action under section 1346(b) of this title shall constitute a complete bar to any action by the claimant by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim.

Section 2676 has been part of the FTCA from the time it was adopted in 1948. Its chief purpose appears to be to prevent dual recovery and avoid the waste of government resources in defending repetitive suits. *See Gasho v. United States,* 39 F.3d 1420, 1437-38 (9th Cir. 1994); *see also, e.g., Hallock v. Bonner,* 387 F.3d 147, 154 (2d Cir. 2004), *rev'd on other grounds sub nom. Will v. Hallock,* 126 S. Ct. 952, 960 (2006). In addition, because "'a judgment in an action against the United States under the FTCA will constitute a [judgment bar] in favor of the employee whose action gave rise to the claim,' the rule increases the likelihood 'that claims for torts [will] be made against the United States rather than, as *Bivens* suits, against the employee.'" *Hallock,* 387 F.3d at 154 (quoting *Birnbaum v. United States,* 588 F.2d 319, 333 (2d Cir. 1978)). In other words, Congress evidently intended the burden of responsibility for paying damages for tortious acts by federal employees to fall on the government, rather than on employees.

There is no question that section 2676 applies in this case. First, there has been a

5

"judgment in an action under section 1346(b)," which refers to the FTCA. Second, though Manning's claims against Buchan and Miller involved different causes of action than his FTCA claims against the government, they involved "the same subject matter" as the FTCA claim. That statutory term has been uniformly interpreted as requiring inquiry into whether the FTCA and individual liability claims "'aris[e] out of the same actions, transactions, or occurrences.'" *See, e.g., Estate of Trentadue v. United States,* 397 F.3d 840, 858 (10th Cir. 2005) (quoting *Serra v. Pichardo,* 786 F.2d 237, 239-40 (6th Cir. 1986)); *Rodriguez v. Handy,* 873 F.2d 814, 816 (5th Cir. 1989); *Arevalo v. Woods,* 811 F.2d 487, 489-90 (9th Cir. 1987). Manning's claims against Buchan and Miller arise from precisely the same actions, transactions, and occurrences as his FTCA claim against the government, specifically, the alleged misconduct of the agents in connection with the investigation and prosecution of the Missouri and Illinois cases. Manning cites no authority suggesting otherwise.

The question before the Court concerns the effect of section 2676's "complete bar to any action by reason of the same subject matter." The defendants argue that by virtue of this statute, the entry of judgment in the government's favor on the FTCA claim wipes out the earlier judgment in Manning's favor on the *Bivens* claims. Manning argues that the statute does not have this sort of retrospective effect. Alternatively, Manning asks that he be permitted now to withdraw the FTCA claims so that he can preserve the favorable judgment on the *Bivens* claims.

The Court believes that the defendants have the better of the argument regarding the effect of section 2676. First, the statute expressly imposes a bar to *any* action, not just later actions. As such, it applies in cases like this one in which FTCA and non-FTCA claims are brought as part of the same lawsuit. *See, e.g., Harris v. United States,* 422 F.3d 322, 334 (6th

Cir. 2005); *Rodriguez,* 873 F.2d at 816; *Aetna Cas. & Sur. Co. v. United States,* 570 F.2d 1197, 1201 (4th Cir. 1978); *United States v. Lushbough,* 200 F.2d 717, 7211 (8th Cir. 1952). Manning cites no contrary authority.

Second, the bar applies even though the judgment on the FTCA claim was unfavorable to Manning. The statute is worded neutrally; its contains no hint that its effect depends on who won the FTCA claim. Every court to have spoken on this point, save one, has said that the application of the judgment bar does not depend on whether the FTCA judgment was favorable or unfavorable to the plaintiff. *See, e.g., Harris,* 422 F.3d at 334-35; *Hoosier Bancorp of Indiana, Inc. v. Rasmussen,* 90 F.3d 180, 185 (7th Cir. 1996); *Gasho v. United States,* 39 F.3d 1420, 1437 (9th Cir. 1994). *But see Kreines v. United States,* 959 F.2d 834, 838 (9th Cir. 1992), which the Court will discuss shortly.

Manning makes several arguments against applying section 2676 to nullify the judgment on the *Bivens* claims. None of these arguments has merit.

First, Manning argues that because section 2676 provides that "the judgment in an action" operates as a bar, it indicates that Congress intended to distinguish between a "judgment" and an "action." Relying on this purported distinction, Manning contends that because the bar applies "to any *action*" against a government employee regarding the same subject matter, it does not apply to a prior *judgment* – as the two terms mean different things.

The Court rejects this argument. As the defendants point out in their reply, the common meaning of the term "action" includes all of the proceedings involved in a lawsuit, including its adjudication. *See* Black's Law Dictionary 29 (6th ed. 1990) (stating that the term "includes all the formal proceedings in a court of justice attendant upon the demand of a right made by one

7

person of another in such court, including an adjudication upon the right and its enforcement or denial by the court."). Thus when Congress said that a judgment in an FTCA case bars an "action" on a non-FTCA claim, it meant to bar such an action in its entirety, including the judgment – not just the filing, or later filing, of the non-FTCA action.

Congress' use of the term "judgment" as the trigger for the statutory bar simply denotes that the bar applies only if and when a judgment is entered on an FTCA claim. In other words, it is the determination, by judgment, of an FTCA suit that brings the statutory bar into effect, not the mere filing of such a suit. *See Will,* 126 S.Ct. at 960 ("[T]he judgment bar can be raised only after a case under the Tort Claims Act has been resolved in the Government's favor.").

Second, Manning argues that section 2676 bars only multiple recoveries, citing excerpts from the statute's legislative history that he says support that construction – specifically, the testimony of the Assistant Attorney General before the House Judiciary Committee. These excerpts do not warrant interpreting the statute in a way that is not supported by its language. First of all, the FTCA, including section 2676, was passed by a later Congress, not the Congress whose House Judiciary Committee conducted the hearings in question. Second, the comments are those of a representative of the executive branch, not of the Congress that adopted the law. Third and perhaps most importantly, absent a statutory ambiguity – which does not exist in section 2676 – it is generally inappropriate to resort to the legislative history to construe a statute. *See generally Exxon Mobil Corp. v. Allapattah Svcs., Inc.,* 545 U.S. 546, 125 S. Ct. 2611, 2626 (2005); *see also, e.g., Shannon v. United States,* 512 U.S. 573, 584 (1994); *In re Sinclair,* 870 F.2d 1340, 1341 (7th Cir. 1989). Finally, as the defendants point out in their reply brief, other parts of the legislative history suggest that the "no dual recovery" point was just one of several

8

arguments made by the Assistant Attorney General in support of the proposed enactment. Under the circumstances, even were it appropriate to consider the legislative history, it cannot be given significant weight in interpreting section 2676. *See Exxon,* 125 S. Ct. at 2626-27. The Supreme Court recently noted that "[a]s we have repeatedly held, the authoritative statement is the statutory text, not the legislative history or any other extrinsic material. Extrinsic materials have a role in statutory interpretation only to the extent they shed a reliable light on the enacting Legislature's understanding of otherwise ambiguous terms." *Id.* at 2626. Such is not the case here.

It is also worth noting that despite his contention that section 2676 is aimed to prevent double recoveries, Manning *tried to get* a double recovery (as he uses that term) – namely, awards of damages against both the United States and the agents for the same underlying conduct. If he had succeeded in his quest, under Manning's "no dual recovery" interpretation of section 2676, the judgment bar would have applied to his *Bivens* claim. Thus Manning is effectively saying that because he did not succeed in his attempt to get what he contends section 2676 prevents, he should be able to avoid the statutory bar. This "heads I win, tails you lose" approach finds no support in the language of the statute.

Third, Manning argues that section 2676 operates only to prevent a plaintiff who brings a FTCA suit and takes it to judgment from pursuing a *later* non-FTCA suit against the responsible government employees. *See* Pl. Resp. at 4 ("This is what the statute actually provides, *i.e.,* where a Plaintiff obtains a judgment against the United States, he cannot turn around and bring a subsequent *Bivens* action."). If Manning were correct, then it would stand to reason that if, after he prevailed before the jury, the Court had ruled in his favor on the FTCA claims and awarded

9

him as much or more than the jury, he would have been able to keep both judgments – because he did not "turn around and bring a subsequent *Bivens* action." Manning's interpretation cannot be correct, for it would permit the exact thing he says section 2676 was designed to prevent: multiple recoveries.

Finally, Manning correctly points out that the vast majority of the cases concerning the effect of section 2676 involve simultaneous determination of the FTCA and non-FTCA claims or situations in which the FTCA judgment was obtained before the non-FTCA claim was determined, not cases like this one in which the non-FTCA claim was decided first. From what the Court has been able to determine, there are only two, or perhaps three, cases applying the judgment bar in cases where the non-FTCA claim was decided first. The better reasoned of these cases, however, supports the defendants' reading of section 2676.

In *Estate of Trentadue,* as in Manning's case, the plaintiff's FTCA and non-FTCA claims were tried together. The jury found in favor of the plaintiff on one of his *Bivens* claims, awarding $20,000 in damages, and a judgment was entered on that claim. Five months later, the court found in the plaintiff's favor on his FTCA claim, awarding $1.1 million. *Estate of Trentadue,* 397 F.3d at 851. The defendant named in the *Bivens* claim argued that the entry of judgment on the FTCA claim required vacating the judgment against him on the *Bivens* claim. The court agreed, concluding that the claims involved the same subject matter and that "the fact that the district court entered judgment on the *Bivens* matter before issuing its order and judgment in the FTCA case is inconsequential under § 2676." *Id.* at 859. According to the court, "[a] contrary rule would permit plaintiffs to escape the judgment bar's preclusive effect in cases like this, where the district court waited to enter judgment on FTCA claims tried

10

contemporaneously with *Bivens* claims. Such is not the intent of the rule." *Id.*

The discussion in *Estate of Trentadue,* if applicable here, clearly requires the relief sought by Buchan and Miller. Manning argues that the two cases are not similar, because the FTCA judgment in *Estate of Trentadue* was more favorable to the plaintiff than the *Bivens* judgment. That, however, does not matter. As the Court has discussed, and as the Seventh Circuit has stated, application of the FTCA judgment bar does not depend on who won or who lost on the FTCA claim.

Manning relies heavily on a Ninth Circuit case which is close to being "on all fours" with the present case. In *Kreines v. United States,* 959 F.2d 834 (9th Cir. 1992), the plaintiff filed a suit including both *Bivens* and FTCA claims, which were tried jointly. The jury returned a verdict for the plaintiff on the *Bivens* claims and awarded $7,000; the trial court entered judgment on those claims. About three months later, the court found for the government on the plaintiff's FTCA claim. The trial court denied the individual defendants' motion under section 2676 to vacate the *Bivens* judgment, and they appealed.

On appeal, the Ninth Circuit looked to the legislative history of section 2676 and concluded that Congress' primary concern in adopting the statute "was to prevent multiple lawsuits on the same facts." That, the court said, is not a concern when FTCA and non-FTCA claims are asserted in a single suit. *Id.* at 838. The court also said that although another purpose of section 2676 was to preclude dual recovery, there was no threat of that happening in Kreines' case, as she had not prevailed on her FTCA claims. *Id.* The court went on to say that because section 2676 provides that an FTCA judgment "bars an *action*," it is ambiguous on whether a FTCA judgment in the government's favor bars a contemporaneous *Bivens* judgment in the

11

plaintiff's favor. For this reason, the court said, it was "free . . . to consider the possibility that the *quality* of the FTCA judgment" – in other words, who won – might have a bearing on its effect on a contemporaneous *Bivens* judgment. *Id.* It concluded that because the statute's primary purpose was "to prevent dual recoveries arising from additional, subsequent litigation . . . § 2676 does not preclude *Bivens* relief in this case." *Id.*

This Court disagrees with *Kreines*. First, the court's decision appears to be premised on the proposition that section 2676 is ambiguous. Specifically, the Ninth Circuit said, the statute's imposition of a bar "to any action" against a government employee "fails to resolve the question whether the bar applies to other claims raised in the same action." *Kreines,* 959 F.2d at 838. The Court does not agree. "Any" means any; the statute does not suggest there are exceptions. In any event, Manning does not argue that section 2676 is ambiguous.

Second, the Ninth Circuit's determination that section 2676's application depends on who wins on the FTCA claim is at odds with the statute's language, which makes no such distinction. The statute says that a judgment in an FTCA action bars an action against a federal employee on the same subject matter, not that an employee can obtain only one recovery. If it were appropriate to read section 2676 as meaning only that dual recoveries are barred, then it would permit a plaintiff who sued under the FTCA and lost to then sue the responsible federal employee under non-FTCA law – as the plaintiff would not be seeking a double recovery. Allowing that, however, would be contrary to the statute's plain language.

Third, as discussed earlier, it is firmly established that section 2676 bars a non-FTCA claim that it determined simultaneously with an FTCA claim. Though that did not happen in *Kreines* or in the present case, it makes no sense to have the effect of section 2676 turn on how

promptly the trial judge decides the FTCA claim when FTCA and non-FTCA claims are tried together. *See Estate of Trentadue,* 397 F.3d at 859. The application of section 2676 should not turn on such fortuities.

There is a third similar case that, although it does not expressly address how section 2676 applies in the present situation, points in the same direction as *Estate of Trentadue*. In *Engle v. Mecke,* 24 F.3d 133 (10th Cir. 1994), the plaintiff brought both *Bivens* and FTCA claims in a single case. The jury awarded the plaintiff approximately $351,000 on his *Bivens* claim against a federal security guard. But "[b]ecause he anticipated difficulties in collecting this award . . ., Mr. Engle elected to proceed against the federal government on his tort action." *Id.* at 134. Based on the same evidence presented to the jury, the trial court also found for the plaintiff, but awarded only about $28,000. The trial judge then vacated the jury verdict against the officer based on section 2676. *Id.* at 134-35. The appeal concerned whether the trial judge was bound, under the Seventh Amendment, by the jury's determination regarding the amount of damage the plaintiff had suffered. The Tenth Circuit concluded that because the plaintiff did not have the right to a jury trial on the FTCA claim, the trial judge did not err in making an independent judgment of the plaintiff's damages. *Id.* at 135. That question, of course, did not directly concern the effect of section 2676. But before addressing the Seventh Amendment argument, the court pointed out that because of section 2676, "[a] decision to sue the government . . . affects the availability of a *Bivens* action against the federal officer." *Id.* Thus *Engle* – at least implicitly and perhaps more than implicitly – approves the proposition that a later, less favorable judgment on a FTCA claim requires vacating an earlier, more-favorable non-FTCA judgment. That is the situation in Manning's case.

13

In sum, section 2676's judgment bar applies to a non-FTCA claim brought as part of the same action as an FTCA claim, and it applies irrespective of whether the FTCA judgment was favorable to the plaintiff. For these reasons, the consequence of Manning's decision to take the FTCA claims to judgment is that the FTCA judgment against him bars his *Bivens* claims and requires vacating the judgment on those claims. As the Fifth Circuit stated in *Rodriguez,* "by the clear language of § 2676, the price of obtaining an FTCA judgment against the United States based on a given incident is the loss of all claims arising from that incident against the United States' agents." *Rodriguez,* 873 F.2d at 816.

Manning asks in the alternative that the Court permit him now to withdraw the FTCA claims and then vacate the judgment against him on those claims, leaving intact the judgment on the *Bivens* claims. He has provided no support for this request. As discussed earlier, Manning and his counsel were fully aware of the potential consequences of allowing the FTCA claims to proceed to judgment after obtaining the favorable jury verdict on the *Bivens* claims. They nonetheless decided to allow the Court to decide the FTCA claims.

Relief from a judgment is an extraordinary remedy granted only in exceptional circumstances. *See, e.g., Harrington v. City of Chicago,* 433 F.3d 542, 546 (7th Cir. 2006). Manning has cited no provision of Federal Rule of Civil Procedure 60(b), and no other legal authority, allowing him to, in effect, undo a strategic choice because it turned out to be the wrong choice. As the Seventh Circuit has stated, "'when a party makes a deliberate, strategic choice . . . , she cannot be relieved of such a choice merely because her assessment of the consequences was incorrect.'" *McCormick v. City of Chicago,* 230 F.3d 319, 327 (7th Cir. 2000) (quoting *United States v. Bank of New York*, 14 F.3d 756, 759 (2d Cir. 1994)).

If Manning had asked to withdraw his FTCA claims following the favorable judgment on the *Bivens* claims and before the Court decided the FTCA claims, the Court likely would have allowed him to do so, and as a result he would have avoided section 2676's judgment bar. But Manning did not follow that course. Presumably he acted as he did because he believed the risk of losing his *Bivens* judgment was outweighed by other factors. But whatever the reason, the choice was a strategic decision which cannot now be undone.

**Conclusion**[1]

For the reasons stated above, the Court grants the motion of defendants Buchan and Miller to alter or amend the judgment [docket no. 257]. The judgment against defendants Buchan and Miller on Counts 1 and 7 (the *Bivens* claims) is vacated.

											_____
											MATTHEW F. KENNELLY
											United States District Judge

Date:   December 26, 2006

---

[1] The Court has considered Manning's other arguments and has determined them to be without merit.