IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

STEVEN MANNING,            )
                           )
            Plaintiff,     )
                           )   02 C 0372
      v.                   )
                           )   Judge Kennelly
BUCHAN, et al.,            )
                           )
            Defendants.    )

## PLAINTIFF'S RENEWED MOTION FOR ENTRY OF JUDGMENT *NUNC PRO TUNC*

NOW COMES Plaintiff, STEVEN MANNING, by and through his counsel, and renews his request that this Court direct the Clerk to enter the March 25, 2005 *Bivens* judgment against Defendants Buchan and Miller *nunc pro tunc*. In support of his motion, Plaintiff states as follows:

### Background

1. On March 8, 2007, Plaintiff filed a motion for *nunc pro tunc* entry of the *Bivens* judgment against Defendants Miller and Buchan. See dckt. 300. As discussed in that motion, and recognized by this Court, judgment was entered against Defendants Buchan and Miller on Plaintiff's *Bivens* claims on March 25, 2005, but the "Clerk evidently did not actually enter a judgment as directed; at least, none appears on the docket. This is, however, a clerical error that, if necessary, could be corrected by ordering, *nunc pro tunc*, entry of judgment on the *Bivens* claims." See dckt. 283 at 4; dckt. 225. As a result, Plaintiff brought the March 8, 2007 motion.

2. On March 8, 2007, this Court correctly recognized that in light of the pending appeal it could not grant Plaintiff's motion until granted leave to do so by the Seventh Circuit Court of Appeals. See Exhibit A (3/8/07 Tr. at 3-4); Fed. R. of Civ. Pro. 60(a). On that date, this Court left no doubt that once given such leave, it would grant Plaintiff the requested relief: "So what you need to do is you need to go ask the Court of Appeals to let me do this. I assume they will. Then I will do it." See Exhibit A (3/8/07 Tr. at 4).

3. On March 29, 2007, the Seventh Circuit Court of Appeals granted this Court leave to correct the record regarding the March 2005 *Bivens* judgment against Defendant Miller and Buchan *nunc pro tunc*. See Exhibit B. As a result, Plaintiff now renews his motion.

4. The Court and the parties all agree that the requested relief regards nothing more than a "clerical error":

| | |
|---|---|
| The Court: | So what we are talking about here is a clerical error. Do you disagree with that, Mr. Haile? |
| Mr. Haile: | No, I don't. |

Id. at 3. As a result, the motion should be granted. See Michaels v. C.I.R., 144 F.3d 495, 497 (7th Cir. 1998) (Rule 60(a) applied where other party could not "credibly argue that the error. . . was anything other than a clerical mistake"). Indeed, the case law is quite clear that a *nunc pro tunc* order is entirely appropriate. See LeBeau v. Taco Bell, Inc., 892 F.2d

605, 609 n.3 (7th Cir. 1989) ("District courts have inherent authority to enter *nunc pro tunc* orders to show what was actually done but not properly or adequately recorded"), citing <u>United States v. Taylor</u>, 841 F.2d 1300, 1308 (7th Cir. 1988); <u>King v. Ionization Int'l, Inc.</u>, 825 F.2d 1180, 1188 (7th Cir. 1987); <u>see also</u> 11 Wright & Miller, Federal Practice and Procedure § 2851, at 229 (1995) (Rule 60(a) "restates the ancient principle that clerical mistakes may be corrected at any time").

WHEREFORE, Plaintiff respectfully renews his request that this Court direct the Clerk to enter the March 25, 2005 *Bivens* judgment against Defendants Buchan and Miller *nunc pro tunc*, and any other relief this Court considers just and appropriate.

                                                  RESPECTFULLY SUBMITTED,

                                                  <u>s/ Jon Rosenblatt</u>
                                                  Attorneys for Plaintiff

Arthur Loevy
Jon Loevy
Michael Kanovitz
Jon Rosenblatt
LOEVY & LOEVY
312 North May Street, Suite 100
Chicago, IL 60607
(312) 243-5900